GUTIÉRREZ, DEMANDANTE-APELADA-APELANTE, v. HEREDEROS DE RAFAEL GUTIÉRREZ DEL ARROYO ET AL., DEMANDADOS-APELANTES-APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre entrega de cantidades.

No. 2204.—Resuelto en enero 18, 1921.

EMPLAZAMIENTO VÁLIDO—DEMANDA ENMENDADA—JURISDICCIÓN.—El hecho de que no hubiera sido enmendado el título de la demanda insertando los nombres de los hijos naturales reconocidos cuyo emplazamiento por ser partes necesarias decretó la corte a petición del propio demandante antes de dictar sentencia, no es motivo suficiente para anular la sentencia en rebeldía dictada contra dichos hijos naturales, pues habiendo sido éstos emplazados personalmente con copia de la demanda dirigida contra la sucesión de la cual ellos formaban parte, la omisión de sus nombres en la dicha demanda, si

bien constituye un error, no pudo producir el efecto de engañarlos o perjudicarlos en sus derechos, ni es motivo bastante para concluir que la corte actuó sin jurisdicción.

Los hechos están expresados en la opinión.

Abogado de la demandante-apelada-apelante: *Sr. Juan de Guzmán Benítez.*

Abogados de los demandados-apelantes-apelados: *Sres. Guerra & Soldevila.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Dolores Gutiérrez del Arroyo demandó a los "Herederos de Rafael Gutiérrez del Arroyo, representados por su albacea Isabel Mimoso y Dueño, y Francisco Robledo," en pleito sobre entrega de cantidad y rectificación de contrato. Se emplazó a doña Isabel como representante legal de los herederos y a Robledo. Se contestó la demanda por los demandados emplazados y cuando ya el pleito había sido sometido al juez para sentencia, la demandante presentó una moción a la corte alegando que Rafael Gutiérrez del Arroyo había fallecido bajo testamento dejando a su esposa doña Isabel como albacea e instituyendo como herederos a sus seis hijos legítimos menores de edad y a tres hijos naturales; que debido a un error los dichos hijos naturales, partes necesarias en el pleito, no fueron citados, y en tal virtud pedía a la corte que con suspensión del pronunciamiento de la sentencia, ordenara la citación de los mismos. Y la corte accedió.

Hecha la nueva citación, los hijos naturales dejaron de comparecer. La demandante pidió que se anotara su rebeldía y, anotada que fué, la corte procedió a dictar sentencia pronunciándola en contra de los demandados. Se apeló de la sentencia firmando el escrito el abogado que había venido representando en el pleito a Isabel Mimoso, en el carácter en que ésta fué citada, y la apelación fué desestimada.

Así las cosas, comparecieron los hijos naturales, y pidieron a la corte de distrito que declarara nula la sentencia

por haberse dictado sin jurisdicción en contra de ellos. La corte de distrito así lo declaró, y contra esa declaración es que se ha interpuesto el presente recurso por la demandante Dolores Gutiérrez del Arroyo.

Se admite por los hijos naturales que ellos fueron emplazados personalmente y que de habérseles notificado con copia de una demanda enmendada conteniendo sus nombres, la jurisdicción de la corte hubiera sido completa y válida la sentencia.

A los hijos naturales se entregó con el emplazamiento una copia de la demanda original. No obstante pedir a la corte que citara a los repetidos hijos y haberlo así obtenido, la parte demandante no enmendó su demanda incluyendo sus nombres en el título de la acción. La parte demandante sostiene que no tenía que hacerlo porque el título tal como estaba comprendía a los hijos naturales y que en todo caso ello constituiría una mera irregularidad, ya que los dichos hijos por el texto de la demanda sabían que eran demandados y en qué concepto, dirigiéndose como se dirigía la acción contra los herederos de Rafael Gutiérrez del Arroyo, y expresándose como se expresaba en el hecho XVIII de la demanda que Rafael Gutiérrez del Arroyo había muerto bajo testamento en el cual había instituído como herederos a sus hijos legítimos y a sus tres hijos naturales.

Ambas partes han argumentado este caso ampliamente y citado mucha jurisprudencia en apoyo de sus respectivas pretensiones.

A nuestro juicio la demanda debió ser enmendada incluyendo en el título los nombres de los demandados cuya citación fué solicitada y una copia de esa demanda enmendada debió haberse entregado al verificarse el emplazamiento, o bien debió entregarse a los hijos naturales al emplazárseles copia de la orden de la corte mandándolos citar como partes necesarias en el pleito. Pero el error cometido no priva de jurisdicción a la corte ya que es un hecho cierto que los de-

mandados fueron emplazados personalmente y ya que del contenido de la demanda original resulta claro que la acción se dirige contra los herederos y que los hijos naturales lo eran, no pudiendo éstos, en tal virtud, haber sido engañados ni perjudicados en sus derechos. Siendo ello así, no debió decretarse la nulidad de la sentencia dictada.

Debe revocarse la orden recurrida de 2 de enero de 1920, volviendo las cosas al ser y estado que tenían antes de dictada dicha orden.

> *Revocada la resolución recurrida, sin especial*
> *condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Aldrey, no intervino en la resolución de este caso.